IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JU'DA YAH Y'ISRA'EL                                           PETITIONER
ADC # 140739

V.                  CASE NO. 3:18-CV-00199-DPM-JTK

WENDY KELLEY, Director
Arkansas Department of Correction[1]                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] The Clerk of Court is directed to change the Respondent to Wendy Kelley, pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Proceedings, which designates the proper respondent to be the state officer who has custody over the Petitioner.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner is a prisoner currently confined in the Arkansas Department of Correction. On October 22, 2018, he initiated this 28 U.S.C. § 2254 habeas action (DE # 2) along with a Motion for Leave to Proceed In Forma Pauperis (DE # 1). For the reasons set forth below, it is recommended that Petitioner's petition be denied with prejudice.

Petitioner previously challenged his convictions pursuant to 28 U.S.C. § 2254. *See Bland[2] v. Hobbs*, 5:11-cv-00286-JLH. The magistrate judge recommended that the petition be dismissed because it was time barred and procedurally defaulted. *Id.* at DE # 9. The Court adopted the findings and recommendations of the magistrate judge that the petition be dismissed. The action was dismissed by judgment entered on July 13, 2012. Petitioner subsequently filed the current habeas petition under a different name.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this petition. He may not file a successive petition in this Court without permission of the Eighth Circuit. Furthermore, the petition is time barred. Thus, the petition should be dismissed.

---

[2] Based upon an inmate search on the Arkansas Department of Correction website, Glenn Ricky Bland and Ju'da Yah Y'Isra'el are the same person.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied. Furthermore, Petitioner's Motion for Leave to Proceed In Forma Pauperis (DE # 1) is DENIED as moot.

SO ORDERED this 25th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE